Harry Gittleson, J.
The defendant moves for an order directing the plaintiff, a nonresident, to file a bond for security of costs.
Plaintiff argues that notwithstanding his nonresidence, the motion should be denied because he was regularly employed in the City of New York. He cites Bote v. City Bank Farmers Trust Co. (61 N. Y. S. 2d 280) in support thereof.
The cited casé is, in the court’s opinion, wholely inapposite. It is readily distinguishable from the case at bar. There, the court was dealing with an application wherein four of the five plaintiffs were State residents (Civ. Prac. Act, § 1522, subd. C.) The court was obliged to deny the motion. Here, there is but one plaintiff who is concededly a nonresident.
The plaintiff can take small comfort in the second ground assigned by the court in the Bote case (supra). There, the court was obliged to consider section 53 of the New York City Court Act, which in the transition to this court effective September, 1962, was repealed (L. 1962, ch. 693, § 196). In its stead, rules. 28 and 38 were adopted, which in essence, provide that the applicable provisions of sections and rules of the Civil Practice Act apply to all motions for posting security for costs made in the Civil Court.
*1052 Reverting, therefore, to the applicable section of the Civil Practice Act, namely section 1522, the court is of the opinion that the plaintiff is not exempt, as a matter of right, from posting and undertaking to assure the payment of any costs that may be awarded against him. Significantly, section 8501 of the new Civil Practice Law and Rules, effective September 1, 1963, the counterpart of section 1522, now provides that a like application made on and after that date must be granted, as a matter of right, to the defendant. In the instant case, in the exercise of discretion, the motion made by the defendant is granted. Plaintiff is directed to file a surety bond in the sum of $250 within 10 days after the service of an order entered hereon conditioned upon payment on demand to the defendant of all costs which may be awarded to the defendant in the action.